UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT BALDWIN,<br><br>    Plaintiff,<br><br>        v.<br><br>WESTVILLE CORRECTIONAL<br>FACILITY *et al.*,<br><br>    Defendants. | CAUSE NO. 3:21-CV-682-DRL-MGG |

OPINION AND ORDER

Scott Baldwin, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Baldwin is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Baldwin is incarcerated at Westville Correctional Facility. He alleges that on July 18, 2021, he slipped in a puddle of standing water in the bathroom. He claims the

bathroom does not have a proper shower drain, and that the standing water has been an ongoing problem. He further claims that after he fell, two unidentified correctional officers came into the bathroom and asked him if he was okay. They then sent him to the urgent care unit for treatment. He received two stitches in his lip but was not examined for a head or neck injury, though he claims he hit his head on the floor. A week later he returned to the urgent care to have his stitches removed, and he complained to unnamed medical staff about neck and jaw pain. At that time six x-rays were taken, but he claims he was not given any other treatment. He continued to complain about jaw pain to unidentified persons; and, on October 11, 2021, he was sent to see the dentist. The dentist took another x-ray, and allegedly told him he could hear the "grinding and popping" in his jaw but "could offer no treatment." Based on these events, he sues "Wexford Correctional Facility" and "Wexford Medical," seeking monetary damages and the installation of a proper drain in the bathroom.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). Likewise, inmates cannot be denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Rather, to establish an Eighth Amendment violation, the defendant's "state of mind must rise to the level of deliberate indifference." *Id.* The deliberate indifference standard

imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012).

Mr. Baldwin has not alleged a plausible Eighth Amendment claim under these standards. The court cannot conclude that having to use a bathroom with a puddle of standing water amounts to denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. At most, he alleges circumstance suggesting negligence in the maintenance of the prison, but negligence—even "gross" negligence—is not enough to support an Eighth Amendment claim. *Hildreth*, 960 F.3d at 426. Additionally, he has not identified any individual who could be held responsible for deliberate indifference to his safety. Instead, he names the prison itself as a defendant, but this is a building, not a "person" who can be sued under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He mentions having spoken with the complex director "Mr. Sonnenberg" after this incident occurred, but there is nothing to plausibly suggest that this individual had any personal involvement in Mr. Baldwin's fall. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Nor does notifying him after the fact provide a basis for imposing personal liability on him for injuries suffered in the fall. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). It is unfortunate that Mr. Baldwin was hurt, but he has not alleged a plausible constitutional claim in connection with the fall.

Inmates are also entitled to constitutionally adequate medical care for objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267

(7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Mere disagreement with a medical professional does not establish an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Instead, the court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Mr. Baldwin does not provide enough detail to allege plausibly that any medical professional responsible for his treatment exhibited deliberate indifference to his health. The only defendant he names in connection with his claim is "Wexford Medical," but this is not an identifiable "person" who can be held liable for a constitutional violation.[1] *See Smith*, 666 F.3d at 1040. Although he mentions the dentist, it is unclear if he intended to sue this individual since he did not list him as a defendant. It is also apparent from his allegations that the dentist examined him and took an x-ray. He does not allege whether

---

[1] To the extent he is trying to name the corporate defendant Wexford Health Sources, Inc. as a defendant, the court notes that Wexford's contract to provide medical services at Indiana prisons terminated on July 1, 2021—prior to the date this incident occurred. Wexford was replaced by Centurion Health. *See Richardson v. Marthakis*, No. 3:20-CV-240-DRL-MGG, 2021 WL 4502337, at *3 n.3 (N.D. Ind. Oct. 1, 2021). The complaint does not contain any allegations about Centurion Health. Additionally, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Wexford (or Centurion Health) cannot be held liable on the sole basis that it employs medical professionals working at Westville. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Mr. Baldwin's complaint is also devoid of any factual content from which it could be plausibly inferred that it was an official corporate policy or widespread practice that caused him injury. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

the dentist diagnosed him with any medical condition, nor does he elaborate on why the dentist allegedly said he could "offer no treatment." Without more detail, there is no basis to infer anything other than a difference of opinion between Mr. Baldwin and the dentist. It is also clear that other medical staff treated him after the fall and conducted diagnostic testing in the form of multiple x-rays. Although he is concerned he was not assessed for a concussion, he does not allege that he is experiencing any symptoms that would suggest he has a concussion. He has not plausibly alleged the denial of medical care in violation of the Eighth Amendment.

Therefore, the complaint does not state a plausible claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Baldwin an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against a viable defendant in connection with these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 3, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

December 3, 2021                                           *s/ Damon R. Leichty*
                                                          Judge, United States District Court