UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT BALDWIN,

    Plaintiff,

v.       CAUSE NO. 3:21-CV-682 DRL-MGG

WESTVILLE CORRECTIONAL
FACILITY *et al.*,

    Defendants.

OPINION AND ORDER

Scott Baldwin, a prisoner without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983. The court screened his first amended complaint[1] and determined that it did not state a plausible constitutional claim against any defendant, but afforded him an opportunity to amend his complaint before the case was dismissed. He responded with the present filing.

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content

---

[1] Mr. Baldwin's original complaint was stricken because it was unsigned. He corrected this deficiency with the filing of his first amended complaint.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Baldwin is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Baldwin is incarcerated at Westville Correctional Facility. He alleges that on July 18, 2021, he slipped in a puddle of standing water in the bathroom. He claims the bathroom does not have a proper shower drain, and that the standing water has been an ongoing problem. He claims that after he fell, two correctional officers came into the bathroom and asked him if he was okay. They then sent him to the urgent care unit for treatment. He claims he was seen by Dr. Andrew Liaw, who stitched up his lip, which had been cut in the fall. He claims he told Dr. Liaw that he had hit his head "pretty hard" and that his neck and jaw hurt. He claims all Dr. Liaw did was to check his head "for lumps," and upon finding none told him to "take it easy" and sent him back to his dormitory. When he returned to have the stitches removed a week later, he again complained to Dr. Liaw of "grinding and popping" in his jaw. The next day he underwent x-rays, but he claims he was not seen again by medical staff for approximately two and a half months, during which time he had severe pain in his jaw every time he ate or opened his mouth. He claims that during this period he made repeated requests to Dorothy Livers, the medical director at the prison, asking to be seen for the pain in jaw, but she

allegedly ignored his requests.² Based on these events, he sues Warden John Galipeau, Deputy Warden of Operations McGann (first name unknown), Ms. Livers, and Dr. Liaw seeking money damages.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). Likewise, inmates cannot be denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Rather, to establish an Eighth Amendment violation, the defendant's "state of mind must rise to the level of deliberate indifference." *Id.* The deliberate indifference standard imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012).

Mr. Baldwin sues Warden Galipeau and Deputy Warden Gann because of the standing water that allegedly caused his fall. He asserts that they should be held liable for "not keeping [their] staff on top of building upkeep[.]" (ECF 12 at 3.) He has not plausible alleged deliberate indifference by these defendants. The court cannot conclude that a puddle of standing water amounts to the type of inherently dangerous condition that would deny an inmate "the minimal civilized measure of life's necessities." *Farmer*,

---

² The complaint is somewhat light on details, but it can be discerned that he ultimately received some form of treatment for his jaw. The court understands him to be complaining about the delay in treatment.

511 U.S. at 834. At most, Mr. Baldwin alleges circumstance suggesting negligence in the upkeep of the prison, but negligence—even "gross" negligence—is not enough to support an Eighth Amendment claim. *Hildreth*, 960 F.3d at 426.

Additionally, for a defendant to be held liable under 42 U.S.C. § 1983, he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and an individual cannot be held liable simply because he or she oversees operations in a correctional facility or supervises other prison staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). A supervisory correctional official can be held liable for a constitutional violation committed by a subordinate if the violation occurred "at a defendant's direction" or with his "knowledge or consent." *Mitchell*, 895 F.3d at 498. There is no factual content in the complaint from which the court can plausibly infer that the Warden or Deputy Warden of Operations took actions that meet that standard. They will be dismissed as defendants.

Mr. Baldwin's remaining claim is for the denial of medical care. Inmates are entitled to constitutionally adequate medical care for objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). They are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those

4

circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Giving him the inferences to which he is entitled at this stage, Mr. Baldwin has plausibly alleged a claim for the denial of medical care against Ms. Livers and Dr. Liaw. He alleges that he hit his head hard in a fall and was suffering significant pain in his neck and jaw as a result, but Dr. Liaw's only response was to check his head "for lumps." He claims he had ongoing pain and popping in his jaw for more than two months due to the lack of treatment by Dr. Liaw. "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). He further claims that during those two months, he repeatedly complained to Ms. Livers that he was in need of care, but she allegedly ignored his complaints. He will be permitted to proceed past the pleading stage against these defendants.[3]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Medical Director Dorothy Livers and Dr. Andrew Liaw in their personal capacity for monetary damages for failing to

---

[3] Although unclear, Mr. Baldwin may also be trying to sue Warden Galipeau for the failings of medical staff at the prison; but, again, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. There is no indication from Mr. Baldwin's allegations that Warden Galipeau was personally involved in his medical care in any way. Additionally, as a prison staff member with no medical training, the Warden was entitled to defer to medical staff about the appropriate treatment for Mr. Baldwin's injuries. *Burks*, 555 F.3d at 596. He has not alleged a plausible claim against the Warden for the denial of medical care.

provide him with constitutionally adequate medical treatment for a jaw injury he suffered in July 2021;

(2) DISMISSES all other claims;

(3) DISMISSES John Galipeau and Mr. Gann as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Medical Director Dorothy Livers and Dr. Andrew Liaw at Centurion Health and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Medical Director Livers and Dr. Liaw to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 14, 2022                             *s/ Damon R. Leichty*
                                             Judge, United States District Court