UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT BALDWIN,

    Plaintiff,

v.                                                              CAUSE NO. 3:21-CV-682-DRL-MGG

DOROTHY LIVERS and DR. LIAW,

    Defendants.

## OPINION AND ORDER

Scott Baldwin, a prisoner without a lawyer, is proceeding in this case "against Medical Director Dorothy Livers and Dr. Andrew Liaw in their personal capacity for monetary damages for failing to provide him with constitutionally adequate medical treatment for a jaw injury he suffered in July 2021[.]" ECF 13 at 5-6. The defendants filed a motion for summary judgment, arguing Mr. Baldwin did not exhaust his administrative remedies before filing suit. ECF 22. Mr. Baldwin filed a response, and the defendants filed a reply. ECF 42, 44. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if

2

prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Mr. Baldwin did not exhaust his administrative remedies before initiating this lawsuit because he never submitted any grievance complaining of inadequate medical treatment of his jaw injury. ECF 23 at 8. In his response, Mr. Baldwin concedes he did not submit any grievance complaining of inadequate medical treatment of his jaw injury. ECF 42. Instead, he argues his administrative remedies were unavailable because he was unable to obtain a grievance form. *Id.*

Specifically, Mr. Baldwin argues that, at the time he attempted to grieve the defendants' conduct, prison officials had informed offenders the only way to obtain a grievance form was by submitting a "Request for Interview" form to their caseworker describing the incident and requesting a grievance form. *Id.* at 2. The caseworker would then review the request and decide whether or not to issue a grievance form. *Id.* at 3. Mr. Baldwin provides evidence he submitted "Request for Interview" forms to his caseworker on August 25, 2021 and September 20, 2021, requesting grievance forms to complain of inadequate medical treatment for his jaw injury, but he never received any response from his caseworker. *Id.* at 3; ECF 41-1. Because the defendants do not dispute this evidence, the court accepts as undisputed that Mr. Baldwin requested grievance forms from his caseworker on August 25, 2021 and September 20, 2021, and never received any response.

In their reply, the defendants argue Mr. Baldwin had available administrative remedies because he was not required to obtain a grievance form from his caseworker,

and instead could have obtained a grievance form from the law library or the grievance office. ECF 44 at 2-3. In support of this argument, the defendants provide an affidavit from the prison's Grievance Specialist, who attests that: "Offenders do not have to ask anyone for a grievance form. Grievance forms are available in the law library for any offender to retrieve. In addition, an offender can ask any staff member or the Grievance Office for grievance forms." ECF 44-1 at 1. However, the Grievance Specialist attests only that offenders are currently, in the present tense, able to obtain grievance forms from the law library or by asking a staff member. *See id.* She does not respond directly to Mr. Baldwin's assertion that, during the time he attempted to grieve the defendants' conduct in August and September 2021, he was only able to obtain a grievance form by requesting one from his caseworker.

Here, there is a disputed material fact whether Mr. Baldwin had available administrative remedies during the relevant time period. Specifically, Mr. Baldwin argues that, during the time he attempted to grieve the defendants' conduct in August and September 2021, the only way for him to obtain a grievance form was by requesting one from his caseworker. If this is true, then Mr. Baldwin's caseworker made the grievance process unavailable by failing to respond to his requests for grievance forms. Alternatively, the defendants argue Mr. Baldwin was not required to obtain a grievance form from his caseworker and could have obtained a grievance form from the law library or by asking any member of the prison staff. If this is true, then Mr. Baldwin had available administrative remedies he did not exhaust prior to filing this lawsuit.

Thus, there is a genuine issue of fact regarding whether, during the time Mr. Baldwin attempted to grieve the defendants' conduct in August and September 2021, Mr. Baldwin had a means of obtaining a grievance form other than by requesting one from his caseworker. Resolving this issue will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless one of the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 22) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **September 30, 2022**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED.

August 30, 2022                              *s/ Damon R. Leichty*
                                                         Judge, United States District Court