UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT BALDWIN,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-682-DRL-MGG

DOROTHY LIVERS *et al.*,

    Defendants.

ORDER

This case was referred to Magistrate Judge Michael G. Gotsch, Sr., pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), to conduct a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and to prepare a report and recommendation on the issue of exhaustion of administrative remedies. (ECF 53.) The *Pavey* hearing was held on March 21, 2023, and Magistrate Judge Gotsch issued his report and recommendation on May 9, 2023. (ECF 69, 75.) He found that Scott Baldwin, who was a prisoner when he filed this action but has since been released from custody, did not exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (*Id.*)

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

> judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Pursuant to Federal Rule of Civil Procedure 72(b), the court must only make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the court will overturn a magistrate judge's ruling only if it is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Rule 72(b) require the parties to file objections to a report and recommendation within 14 days. Magistrate Judge Gotsch alerted the parties to this requirement in the report and recommendation. (ECF 75 at 8.) More than 14 days have passed since the report and recommendation was issued, and no party has filed an objection.[1]

Having reviewed the report and recommendation (ECF 75) and finding no clear error within it, the court ADOPTS the report and recommendation in its entirety and DIRECTS entry of judgment in favor of the defendants pursuant to 42 U.S.C. § 1997e(a). This order terminates the case.

---

[1] Because Mr. Baldwin is no longer a prisoner, he is not entitled to the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988). Nevertheless, as a courtesy, the court waited several days beyond the deadline to see if any objection was received through the mail.

SO ORDERED.

June 12, 2023

*s/ Damon R. Leichty*
Judge, United States District Court